GRIFFIN, J.
This is the appeal of a final order granting a motion for enforcement of a settlement agreement. We reverse.
Robert Peak [“Peak”] and Collectors Editions, Inc. [“Collectors”] entered into a contract for the production of sculpture by Peak to be sold and marketed by Collectors. A dispute arose and Peak filed suit against Collectors. Collectors filed a counterclaim against Peak. Peak and Collectors then entered into discussions regarding a settlement.
On April 21, 2001, Collectors sent a letter to Peak outlining the terms of the agreement reached by the parties. However, the letter also provided that “all parties agree to draft and execute” a “mutually agreeable” settlement agreement and release “including among other things, confidentiality and non-disparagement provisions .... ” As part of the agreement, Collectors was to return various of Peak’s sculptures, while retaining the right to sell its remaining inventory and the right to complete and sell a specified tirage of three statues pursuant to a Power of Attorney.
On May 22, 2001, Collectors sent a proposed settlement agreement and release to Peak. The terms in paragraphs 8.1 through 3.11 of the proposed agreement are substantially the same as the terms outlined in the April 21 letter. Additionally, paragraph 3.12 provided:
To enable Collectors to market and sell the inventory of Peak sculpture it retains and the remainder of the tirages of Dolce Vita, Before the Dawn and Iris Donna granted by this Agreement, Peak grants Collectors, and Collectors’ gallery clients, the right to use his name, likeness and signature, and images of those sculptures previously published by Collectors, to sell and market those sculptures which remain in inventory and which are created pursuant to this Agreement.
The agreement also included a paragraph 3.13 which allows Collectors to assign its rights subject to Peak’s permission.
On the same day, Peak sent via facsimile and email a redline version of his changes to the settlement agreement and release. Peak changed paragraph 3.12 to read:
The copyrights to Dolce Vita, Before the Dawn, and Iris Donna shall be the property of Peak at all times, subject only to the limited license granted to Collectors.
*475 Peak also modified paragraph 3.13 to state Collectors may not assign its rights without Peak’s written consent. Finally, Peak added paragraph 10 to provide for the awarding of attorneys’ fees and costs to the prevailing party.
On May 24, 2001, Collectors responded to the proposed changes and additions to the settlement agreement and release, stating that the only change posing a problem to Collectors was paragraph 3.12:
In order [for] Collectors to sell any of the' artwork to which it retains a license it will need to advertise that work[.] Refusing to permit some sort of use of Mr. Peak’s name and likeness in connection with the marketing of the sculptures renders the license virtually worthless and that certainly was not contemplated by either party to this negotiation.
Peak responded by filing a motion to enforce the “settlement agreement.” The trial court treated the letter as a binding agreement and concluded that since Collectors had failed to include in the letter any details describing Collectors’ retained right to “sell” its remaining inventory, it could not be interpreted to include any right to market the inventory using the identity of the artist.
Given that the letter confirming the parties’ settlement expressly contemplated the drafting and execution of a “mutually agreeable” document that would contain terms not included in the letter, given the extreme disparity in the parties’ respective positions during the drafting of the settlement agreement concerning the meaning of the term “sell” and the centrality of this provision to the parties’ agreement, we conclude that no legally binding agreement had yet been reached between the parties. The trial court erred in ordering enforcement of the letter as a binding contract. The parties failed to agree on an essential term and there was no agreement to enforce.
REVERSED and REMANDED.
SHARP, W., and ORFINGER, JJ., concur.